**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYLER ALLEN PRESTO,** | : | No. 3:25cv1408 |
| | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN CRAIG LOWE,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

......................................................................................................

### MEMORANDUM

Plaintiff Tyler Presto ("Presto"), an inmate housed at the Pike County Correctional Facility ("PCCF"), commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Warden Craig Lowe, Nurse Brooke Johnson, Correctional Officer Mike Ramery, Lieutenant Mike Fagan, and Pike County Public Defender James Elliot. (Id.).

Along with the complaint, Presto filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA")[1], the court will perform its mandatory screening of the complaint and, for the reasons set forth below, will grant Presto's motion to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

---

[1] The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

## I.    **Legal Standard**

Under 28 U.S.C. § 1915A, federal district courts must "review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This initial screening is to be done as soon as practicable and need not await service of process. See id. If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title…by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action…fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010), which requires the court to determine whether the

complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted); Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

At this early stage of the litigation, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). Because Presto proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## II.   **The Complaint**

Presto asserts that the events giving rise to his claims occurred when he was a pretrial detainee at the Pike County Correctional Facility. (Doc. 1, at 2). Presto alleges that Correctional Officer Ramery threatened him on May 28, 2025. (Id.). He allegedly asked Lieutenant Fagan for a separation from Correctional Officer Ramery, but the request was denied. (Id.). On June 15, 2025, Presto alleges that Correctional Officer Ramery again threatened him and threw a "roll of paper" at him, resulting in physical and emotional pain. (Id. at 4-5). Presto

3

allegedly requested to be transported to an outside hospital for evaluation.  (Id.).
An unidentified individual denied this request.  (Id.).

Next, Presto alleges that he called his lawyer to explain these alleged
events and his lawyer's secretary overheard the conversation, in violation of
lawyer-client confidentiality.  (Id. at 4).

The complaint does not set forth any factual allegations against Warden
Lowe or Nurse Johnson and does not allege that they were involved in the
alleged events.  (See Doc. 1).

Presto seeks monetary relief and requests that all correctional officers
undergo training and mental health evaluations.  (Doc. 1, at 5).

## III.  **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a
cause of action for violations of federal law by state officials.  42 U.S.C. § 1983.
The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v.
Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a

4

plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

A.    Claims against Warden Lowe and Nurse Johnson

To establish personal liability against a defendant in a Section 1983 action, the defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976).  Accordingly, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207.

Presto's claims against Warden Lowe and Nurse Johnson fail because he has not alleged any basis for concluding that they were personally involved in the alleged constitutional violations.  See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  In addition, to the extent that Presto attempts to bring claims against Warden Lowe and Head Nurse Johnson

in their individual capacities based on their supervisory roles, he has failed to allege a plausible claim for relief.

As stated, Presto may not assert a claim against Warden Lowe and Nurse Johnson based on allegations that they supervised individuals at PCCF because liability under Section 1983 cannot be predicated on a *respondeat superior* basis. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 227 (3d Cir. 2015) ("[Plaintiff] cannot predicate liability on her § 1983 claims on a *respondeat superior* basis." (citing Rode, 845 F.2d at 1207)).  Instead, if Presto seeks to hold a supervisor liable for unconstitutional acts by subordinates, his allegations must satisfy one of two theories of supervisory liability: first, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm[;]" and second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. *ex rel.* J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted).

Any purported supervisory liability claim fails because Presto has not pled sufficient factual allegations to establish any underlying constitutional violation.[2] See Camp v. Brennan, 54 F. App'x 78, 81-82 (3d Cir. 2002) (nonprecedential) (holding that "because [the inmate] has not proven misconduct by subordinate prison officials, he necessarily cannot establish [a] supervisory liability [claim]").

Even assuming that his factual allegations could be liberally construed to support constitutional claims, Presto has not plausibly alleged a claim of supervisory liability against Warden Lowe or Nurse Johnson.  He has not pled a municipal policy or custom with respect to the alleged constitutional violations, that such policy or custom caused the constitutional violation, or municipal failures amounting to a constitutional violation.  Instead, Presto appears to name Warden Lowe and Nurse Johnson as defendants merely based on their supervisory roles, which is not a proper basis for a Section 1983 claim against them.

C.    Claims against Correctional Officer Ramery and Lieutenant Fagan

Presto seeks to bring excessive force and failure to protect claims against Correctional Officer Ramery and Lieutenant Fagan.[3]  (Doc. 1, at 4-5).

---

[2] The discussion below shows that Presto's allegations do not establish a constitutional violation.

[3] Presto indicated in his complaint that he is a pretrial detainee.  (Doc. 1, at 2).  To the extent that he was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims.  See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from "'the use of excessive force that amounts to punishment.'" Robinson v. Danberg, 673 F. App'x 205, 209 (3d Cir. 2016) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)).  To establish a due process violation, a detainee must prove "'that the force purposely or knowingly used against him was objectively unreasonable....'"  Id.  Objective reasonableness is determined based on the "facts and circumstances of each particular case" from the perspective of a reasonable officer on the scene, without the vision of hindsight. Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).  Where the plaintiff is a pretrial detainee, courts must consider the legitimate interest in maintaining internal order, discipline, and security in the detention facility.  Id.  Additional factors courts should consider in determining whether the use of force was objectively reasonable include:

> (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting.

Rosser v. Donovan, No. 20-3278, 2021 WL 5055837, at *2 (3d Cir. Nov. 1, 2021) (quoting Kingsley, 576 U.S. at 397) (citing Graham, 490 U.S. at 396).

In determining whether a defendant's acts constituted excessive force under the objective reasonableness standard, the force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396; see also Kingsley, 576 U.S. at 397. Not every push or shove will rise to the level of a constitutional violation. Graham, 490 U.S. at 396-97. The alleged force used must rise above a *de minimus* level. See Brooks v. Kyler, 204 F.3d 102, 107 (3d Cir. 2000).

Here, Presto alleges that Correctional Officer Ramery "pegged" a "roll of paper" at him, causing physical and emotional pain. (Doc. 1, at 4). Based on these allegations, and viewed in the light most favorable to Presto, it cannot be said that Correctional Officer Ramery's use of force was objectively unreasonable. Presto has alleged nothing more than a *de minimis* use of force by Correctional Officer Ramery. Additionally, although it is not required that Presto show that he suffered more than a *de minimis* injury to maintain his excessive force claim, it is one factor the court considers. See Kingsley, 576 U.S. at 397. Presto alleges that he suffered pain and that his back was "red." (Doc. 1, at 4). He has not alleged that he suffered more than *de minimis* physical injuries. (See id.). In sum, Presto has failed to state a plausible claim for excessive force pursuant to the Fourteenth Amendment. See, e.g., Jacobs v. Cumberland Cnty., 8 F.4th 187, 194 (2021) (quoting Graham, 490 U.S. at 396)

(in applying the objectively unreasonable standard, courts must pay "'careful attention to the facts and circumstances of each particular case.'").

Further, Presto has not plausibly stated a claim against Correctional Officer Ramery based on verbal threats. (Doc. 1, at 4). Verbal harassment of a prisoner, even if offensive, does not give rise to an independent constitutional violation. See Dunbar v. Barone, 487 F. App'x 721, 723 (3d Cir. 2012) (*per curiam*) (holding that threats that inmate was a "marked man and that his days were numbered" were insufficient to support a constitutional claim); Ayala v. Terhune, 195 F. App'x 87, 92 (3d Cir. 2006) (*per curiam*) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983.").

Next, the court construes Presto's claim against Lieutenant Fagan as a failure to protect claim. The Third Circuit has not addressed, in a precedential opinion, the standard governing a pretrial detainee's failure to protect claim under the Fourteenth Amendment Due Process Clause. Paulino v. Burlington Cnty. Jail, 438 F. App'x 106, 109 (3d Cir. 2011). In dicta, the Third Circuit has applied a deliberate indifference standard to such claims. Id. (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991)). The court will apply the deliberate indifference standard here. Therefore, Presto must allege that Lieutenant Fagan was deliberately indifferent to the risk of placing Presto on a

unit with Correctional Officer Ramery. The complaint alleges that Lieutenant Fagan failed to honor Presto's request for a separation from Correctional Officer Ramery. (Doc. 1, at 4). This claim sounds in negligence. Deliberate indifference is a higher standard than negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A plaintiff must allege facts suggesting the defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Presto fails to plausibly allege that Lieutenant Fagan's placement of him on a unit with Correctional Officer Ramery was so obviously dangerous that, to allow it to occur, was deliberately indifferent.

Presto's allegations, construed in the broadest possible sense, do not rise to the level of a constitutional violation against Correctional Officer Ramery or Lieutenant Fagan.

### C.    Claims against Public Defender Elliot

Finally, Presto alleges that Public Defendant Elliot violated attorney-client privilege. (Doc. 1, at 4). Presto's claims fail because public defenders are not state actors, and thus are not subject to liability under Section 1983.

As stated, to state a claim under Section 1983, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under the color

11

of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Repoli v. Cuoco, 316 F. App'x 188, 190 (3d Cir. 2009). "Under color of state law" has been interpreted by the Supreme Court to require a defendant in a Section 1983 suit to be a state actor. Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). Although public defenders are employed by the state, they are not state actors because they are independent and free of state control, and are loyal to the criminal defendant. See Polk Cnty. v. Dodson, 454 U.S. 312, 330 (1981). Thus, public defenders are absolutely immune from liability under Section 1983. See Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982)).

Because Pike County Public Defenders do not qualify as state actors, they are immune from suit under Section 1983. Therefore, Presto's claims against Public Defender Elliot will be dismissed.

## IV.    **Leave to Amend**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). The court concludes that granting

12

Presto leave to amend would be futile as the complained of deprivations simply do not rise to the level of a constitutional violation.

**V.    <u>Conclusion</u>**

Consistent with the foregoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

An appropriate order shall issue.

**Date: August 13, 2025**                    *s/Julia K. Munley*
                                      **JUDGE JULIA K. MUNLEY**
                                      **United States District Court**